# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | |
|---|---|
| **JASON BURSON, and all others similarly situated,**<br><br>    Plaintiffs,<br><br>v.<br><br>**DIRECTV, LLC,**<br><br>    Defendant. | **Case No.:**<br><br>**CLASS ACTION**<br>**JURY DEMAND** |

## COMPLAINT

1.  Through this action, Plaintiff Jason Burson asserts claims both on behalf of a proposed nationwide class of persons and on his own behalf.

2.  On behalf of the proposed class, Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendant DirecTV violated the TCPA by using an automatic telephone dialing system, or "autodialer," to place calls to the Plaintiff's cellular telephone line without receiving prior express consent as well as leaving prerecorded messages on Plaintiff's cellular telephone.

3.  On his own behalf only, Plaintiff asserts claims for DirecTV's unlawful and harassing calls to his cellular telephone and for DirecTV's failure to take corrective action after Plaintiff informed DirecTV he did not order or want their services.

## PARTIES

4.  Plaintiff Jason Burson is a resident of St. Clair County, Alabama, over 19 years of age, and is competent to bring this action.

5. Defendant DIRECTV, LLC ("DirecTV") is a California corporation with its principal place of business located in El Segundo, California and was doing business in St. Clair County, Alabama at all times material to this Complaint.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court under 28 U.S.C. §1331.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District.

## CLASS ACTION CLAIM

### *Legal Background Regarding Class Action Claim*

8. Congress enacted the TCPA in 1991 to address certain telemarketing practices widely considered invasive of consumer privacy.

9. While the statute imposed restrictions on making calls to cellular telephones, its strictest provisions apply to calls to cellular telephones placed through automatic telephone dialing systems or using an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A).

10. With the limited exception of calls made for emergency purposes, the TCPA bans *all* calls to cellular telephone lines placed using an automatic telephone dialing system, *see id.* § 227(a)(1), unless the recipient of the call provides "prior express consent" to receive the calls or to use an artificial or prerecorded voice. *Id.* § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(1).

11. According to the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, these calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and can be costly and inconvenient. The FCC also recognized that wireless customers are

charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

12. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

13. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *Id.* at 564-565, ¶ 10.

14. It is well established the "three elements of a TCPA claim: ' (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.'" *Los Angeles Lakers, Inc. v. Federal Insurance Co.*, 869 F.3d 795, 804 (9th Cir. 2017) *citing Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

15. The recipient's prior express consent is required for *all* calls or artificial or prerecorded voice messages to a cellular telephone. This also encompasses "informational calls" to cellular telephones. *Leckler v. Cashcall, Inc.,* 554 F.Supp.2d 1025, 1032-33 (N.D. Cal. 2008); *Shupe v. JPMorgan Chase Bank of Ariz.,* No. CV 11-00501-TUC-RCC, 2012 WL 1344820, at *7 (D. Ariz. March 14, 2012); *Warnick v. Dish Network LLC*, 12-cv-01952-WYD-MEH (D. Colo. September 30, 2014); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act*

*of 1991*, 27 F.C.C.R. 1830, 1841 ¶ 28 (2012); *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C.R. 7961, 8022-23 ¶¶ 123-124 (2015).

### *Factual Allegations Regarding Class Action Claim*

16. On at least eight (8) occasions in January and February of 2018, Defendant DirecTV used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place calls to the Plaintiff's cellular telephone number.

17. Defendant DirecTV left messages on Plaintiff's cellular telephone using an artificial or prerecorded voice.

18. Defendant DirecTV made calls to Plaintiff's cellular telephone and left artificial or prerecorded messages without his prior express consent.

19. Defendant DirecTV called Plaintiff on his cellular telephone on January 31, 2018 leaving a voice mail utilizing an artificial or prerecorded voice.

20. On the same date after receiving said call, Plaintiff called Defendant and told an agent of Defendant he was not a customer, had not been a customer, and to *cease and desist calling his cellular telephone number* it had called and leaving voice mails.

21. Therefore, if Defendant was operating under the notion it had consent to contact Plaintiff on his cellular telephone and/or leave artificial or prerecorded messages, any such consent it thought it may have was expressly revoked by Plaintiff.

22. However, Defendant has continued to make multiple calls to Plaintiff's cellular telephone and leave artificial or prerecorded messages from January 31, 2018 into February 2018.

23. Plaintiff did not give Defendant DirecTV prior express consent to place calls to his cellular telephone number or to leave artificial or prerecorded messages.

24. Plaintiff did not provide the Defendant with his cellular telephone number during a transaction or at any time and Plaintiff had no established business relationship with Defendant DirecTV.

25. When Defendant DirecTV called the Plaintiff it knew or should have known it was calling a cellular telephone and that it did not have prior express consent to call his cellular telephone or leave artificial or prerecorded messages.

26. The above facts demonstrate that Defendant DirecTV's violations of the TCPA were knowing and willful.

*Class Certification Allegations*

27. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class.

28. The classes proposed for certification are tentatively defined as:

(a) All persons or entities to whom, on or after January 1, 2018 through the date of class certification, Defendant DirecTV or its affiliates, subsidiaries, or agents, placed a non-emergency telephone call to a consumer to schedule services or installation by calling the consumer's cellular telephone through the use of an automatic telephone dialing system without first obtaining prior express consent.

(b) All persons or entities to whom, on or after January 1, 2018 through the date of class certification, Defendant DirecTV or its affiliates, subsidiaries, or agents, left an artificial or prerecorded message on a cellular telephone for scheduling service or installation without first obtaining prior express consent

29. Plaintiff brings the claim on behalf of a class because:

   a. Defendant DirecTV has a corporate policy of calling cellular telephones without obtaining prior express consent;

      b.    Defendant DirecTV has a corporate policy of leaving artificial or prerecorded messages on consumers' cellular telephones without obtaining prior express consent; and

      c.    All requirements for class certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure are met.

30.    The proposed class is identifiable by phone records and phone number databases.

31.    On information and belief, the potential class members number in the hundreds, and possibly thousands, and constitute a class so numerous that joinder of all class members is impracticable.

32.    Plaintiff is a member of the class.

33.    There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

      a.    Whether Defendant violated the TCPA by making calls to consumers via autodialer without first obtaining prior express consent;

      b.    Whether the Defendant obtained prior express consent from consumers before making calls to consumer's cell phones;

      c.    Whether the Defendant obtained prior express consent from consumers before leaving artificial or prerecorded messages on consumers' cell phones;

      d.    Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Defendant DirecTV's actions.

34.    Plaintiff's claims are typical of the claims of the class.

35. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the class, and he will fairly and adequately protect the interests of the class.

36. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

37. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

38. Plaintiff is capable of and is willing to represent the other members of the class.

*Class Action Legal Claim*

**Count I:
Violations of the TCPA**

39. Paragraphs 1 through 35 of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

40. With respect to the Plaintiff and all class members, Defendant DirecTV violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls using an automatic telephone dialing system to cellular telephone numbers without prior express consent.

41. With respect to the Plaintiff and all class members, Defendant DirecTV violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by leaving artificial or prerecorded voice messages on cellular telephones without prior express consent.

*Class Action Relief Sought*

42. On behalf of the proposed class, Plaintiff seeks:

    a. An order certifying the proposed classes under Federal Rule of Civil Procedure 23, establishing an appropriate class and any subclasses the Court deems appropriate,

finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class;

   b. Injunctive relief prohibiting the Defendant from violating the law as alleged;

   c. Under 47 U.S.C. § 227(b)(3), $500 for each negligent violation of the TCPA, and $1,500 for each willful or knowing violation;

   d. An award of attorneys' fees and costs to counsel for Plaintiff and the class; and

   e. Any other relief the Court deems just and proper.

## INDIVIDUAL CLAIMS

### *Factual Allegations Regarding Individual Claims*

43. In January 2018, Defendant DirecTV began calling Plaintiff's cellular telephone to schedule services of installation of DirecTV equipment or services, although Plaintiff had not requested any DirecTV services, was not a DirecTV customer, and had not been a DirecTV customer.

44. In addition to calling Plaintiff, DirecTV left artificial or prerecorded voice messages on Plaintiff's cellular telephone.

45. After receiving a call and artificial or prerecorded voice mail from DirecTV on his cellular telephone, Plaintiff called DirecTV and verbally instructed Defendant DirecTV to cease and desist calling him as he did not have service with DirecTV, had not requested any service from DirecTV and had not had service provided by DirecTV.

46. Therefore, any prior express consent DirecTV may have thought it had was expressly revoked by Plaintiff following the first call and artificial voice or prerecorded message left on his cellular telephone.

47. Defendant DirecTV failed and refused to follow Plaintiff's instructions to not call his cellular telephone and/or leave prerecorded or artificial voice mails.

48. The actions of Defendant DirecTV in knowingly and willfully contacting Plaintiff after he called Defendant and revoked any notions of express consent Defendant under which it could have been operating, yet continuing to call and leave artificial or prerecorded voice mails were willful and knowing violations of the TCPA.

49. Defendant DirecTV's conduct constituted an invasion of Plaintiff's privacy by an intrusion upon seclusion, and resulted in actual damages to the Plaintiff.

50. This series of harassing calls by Defendant DirecTV by and through its employees, agents, and representatives caused Plaintiff stress and mental anguish.

51. Defendant DirecTV's repeated attempts to call Plaintiff to schedule installation of its services, especially after Plaintiff told DirecTV he was not interested in its services, not to contact him again regarding its services and its refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

52. Defendant DirecTV has repeatedly called Plaintiff and left artificial or prerecorded voice messages even after he instructed the callers from DirecTV not to do so.

53. Defendant DirecTV has illegally contacted Plaintiff on his cellular telephone beginning January 2018 and has continued to do so even after being instructed by Plaintiff not to call his cellular telephone or leave artificial voice or prerecorded messages.

54. All actions taken by Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the TCPA and/or

state law and/or that they knew or should have known that their actions were in reckless disregard of the TCPA and/or state law.

55. Defendant DirecTV has engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff and as such is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

56. Plaintiff has suffered actual damages as a result of these illegal communications by Defendant DirecTV in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

*Individual Legal Claims*

**Count II:**
**Negligent, Reckless, Wanton, Malicious, and Intentional Conduct**

57. All preceding paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

58. Defendant DirecTV owed a duty to Plaintiff not to place telephone calls to Plaintiff's cellular telephone in violation of state and/or federal law and to not harass him with regard to the calls and messages in violation of state and/or federal law.

59. Defendant DirecTV had a duty under Alabama law to act reasonably under the circumstances.

60. Defendant DirecTV violated this duty under Alabama law by contacting Plaintiff and then failing to cease contacting Plaintiff on his cellular telephone after being instructed to do so in violation of state and/or federal law.

61. Defendant DirecTV violated its duties to Plaintiff and such violations were made intentionally, recklessly, willfully, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties that Defendant had.

62. Defendant DirecTV violated its duties to Plaintiff with respect to her credit reports and the violations involving Plaintiff's credit reports were made willfully, intentionally, recklessly, and/or maliciously, as Defendant refused to comply with all the duties Defendant had.

63. Plaintiff has been damaged as a proximate result of Defendant's wrongful conduct as set forth in this Complaint, including, but not limited to, actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant DirecTV for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief.

## Count III:

### Negligent Hiring, Training, and Supervision of Employees and Agents

64. All preceding paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

65. Defendant DirecTV negligently, wantonly, willfully, recklessly, and/or intentionally hired, retained, and/or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiff as stated throughout this Complaint, including making calls to Plaintiff's cellular telephone without permission, after Plaintiff instructed Defendant DirecTV's employees and/or agents to stop calling his cellular telephone and/or leaving voice mails, and by

continually harassing Plaintiff and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff. Defendant DirecTV's employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

66. Defendant DirecTV was negligent or wanton in the hiring, training, and/or supervision of its employees and/or agents.

67. The employees and/or agents of Defendants DirecTV while acting in furtherance of each one's employment or agency by contacting Plaintiff when they knew, or should have known, that such contact by calling Plaintiff's cellular telephone and continually harassing Plaintiff violated state and/or federal law was performed in the line and scope of each one's respective employment or agency and each was incompetent to perform his/her duties and Defendant did know, or should have known, of such incompetence.

68. The negligent or wanton conduct of those employees and/or agents of Defendant DirecTV while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant DirecTV for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant DirecTV.

## Count IV:
## Invasion of Privacy by Intrusion Upon Seclusion

69. All preceding paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

70. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant DirecTV violated Alabama state law as described in this Complaint, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone without express consent, using automated and/or predictive dialers, and/or leaving artificial voice or pre-recorded messages that harassed, annoyed, and/or oppressed Plaintiff in violation of state and/or federal law.

71. Defendant DirecTV intentionally, recklessly, willfully, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone using automated and/or predictive dialers leaving pre-recorded messages that harassed, annoyed, and/or oppressed Plaintiff in violation of state and/or federal law.

72. Defendant DirecTV intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in repeatedly calling Plaintiff on his cellular telephone and leaving artificial voice or prerecorded voice mails thereby invading and intruding upon Plaintiff's right to privacy.

73. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

74. The conduct of Defendant DirecTV in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this

Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

75. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to compensatory and/or punitive damages from Defendant DirecTV.

76. All the above acts and omissions of Defendant DirecTV by and through its agents and/or employees were committed with malice, willful intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant DirecTV for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant DirecTV.

    s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .

    s/Wesley L. Phillips
OF COUNSEL

PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

DIRECTV, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104